UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY BREAD, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>LEMONADE RESTAURANT GROUP, LLC,<br><br>   Defendant. | Case No. 3:21-cv-02979-JD<br><br>**ORDER RE DEFAULT JUDGMENT** |

Plaintiff Bay Bread, LLC (Bay Bread) signed leases and subleases for retail space in the San Francisco Bay Area. Dkt. No. 1 ¶¶ 3, 6. Four leases that were assigned by Bay Bread to defendant Lemonade Restaurant Group, LLC (Lemonade) are in issue here. In the assignments, Lemonade agreed to "defend and indemnify Bay Bread against all claims, losses, costs, and expense arising out of . . . Lemonade's tenancy" under the leases. *Id.* ¶ 8. Bay Bread says that when Lemonade defaulted on the leases for not timely paying rent, it declined to defend and indemnify Bay Bread as required. *See id.* ¶ 18. Lemonade eventually cured its defaults, but only after Bay Bread (i) assumed the defense of state-court litigation against one landlord, and (ii) initiated this lawsuit against Lemonade for breach of contract. *See* Dkt. No. 17 ¶¶ 11-12.

Lemonade has not appeared in the case, and at Bay Bread's request, the Clerk of Court has entered default as to Lemonade. Dkt. No. 14. Bay Bread has moved for default judgment, seeking attorneys' fees and costs allowed by contract. Dkt. No. 16. The motion is granted in part.

**DISCUSSION**

**I.   JURISDICTION & SERVICE**

"In default judgment proceedings, the Court has an affirmative duty to consider whether it has jurisdiction over the subject matter and parties to the case." *FormFactor, Inc. v. Mr. Prober*

*Tech. Inc.*, No. 13-cv-03688-JD, 2015 WL 1870236, at *1 (N.D. Cal. Apr. 23, 2015) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)).

Bay Bread invokes the Court's diversity jurisdiction. Diversity jurisdiction arises when a plaintiff sues a citizen of a different state over an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The allegations in the complaint establish that Bay Bread and Lemonade are diverse. Both Bay Bread and Lemonade are limited liability companies, or LLCs. Dkt. No. 1 ¶ 3. An LLC is considered "a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Bay Bread represents that Starbucks Corporation -- a Washington corporation with its principal place of business in Washington -- is its sole member. Dkt. No. 1 ¶ 1. The complaint alleges that all of Lemonade's members are citizens of California or states other than Washington.[1] *Id.*

The amount-in-controversy requirement is also satisfied. At the time that the complaint was filed, Bay Bread estimated that it had "suffered damages in excess of $892,000, the amount of delinquent rent accrued to date" by Lemonade on its leases. Dkt. No. 1 ¶ 19. The fact that Bay Bread was not ultimately liable for that amount does not undermine subject-matter jurisdiction here. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *see also Anderson v. Starbucks Corp.*, 556 F. Supp. 3d 1132, 1136 (N.D. Cal. 2020). Neither does the fact that Bay Bread seeks a default judgment of only $40,345.65, due to events that transpired after the complaint was filed. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'") (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)).

---

[1] To put a finer point on it, the complaint alleges that Lemonade's members "are residents of California and/or residents of states other than Washington." Dkt. No. 1 ¶ 3. While "residency and domicile for citizenship are not, strictly speaking, always the same," the Court applies the "'longstanding principle' that 'the place where a person lives is taken to be his domicile until facts adduced establish the contrary.'" *Boone v. FCA US LLC*, No. 21-cv-01591-JD, 2021 WL 5331440, at *2 (N.D. Cal. Nov. 16, 2021) (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016)).

2

1  The Court has personal jurisdiction over Lemonade, which is a limited liability company incorporated in California. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Bay Bread filed a proof of service indicating that the summons and the complaint were personally delivered to Lemonade's registered agent for service of process on June 18, 2021. Dkt. No. 13.

## II. DEFAULT JUDGMENT

"Under Federal Rule of Civil Procedure 55(b)(2), a party may apply to the Court for entry of judgment by default against a defendant that has failed to defend against the action." *FormFactor*, 2015 WL 1870236, at *2. "'The district court's decision whether to enter a default judgment is a discretionary one.'" *Id.* (quoting *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). The decision is based on the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

The main inquiries under the *Eitel* factors are the merits of the claim and the sufficiency of the complaint, which are typically considered together, "because after the entry of default, well-pleaded allegations in the complaint are deemed true, except as to the amount of damages." *FormFactor*, 2015 WL 1870236, at *2 (citing *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002)).

To state a claim for breach of contract, a plaintiff must show "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Bay Bread has done so here. The complaint alleges that (1) Bay Bread entered into a purchase and sale agreement (PSA) and an indemnity agreement with Lemonade, (2) Bay Bread fully performed its obligations under the PSA, (3) Lemonade breached the PSA by not providing Bay Bread with a defense and indemnity in state-court litigation, and (4) Bay Bread incurred

damages as a result. *See* Dkt. No. 1 ¶¶ 7, 22-29. Consequently, the main *Eitel* factors weigh in favor of default judgment.

The other *Eitel* factors also favor entry of default judgment. Bay Bread will be prejudiced if default judgment is not granted because it will be left footing the bill for attorneys' fees that would not have been incurred but for Lemonade's breach. The amount of money at stake, roughly $40,000, is not high enough to militate against granting a default judgment. And "[b]ecause defendants have not appeared, there is no indication that their default is due to excusable neglect, that the material facts are subject to dispute, or that a decision on the merits will be possible." *Broad. Music, Inc. v. JMN Rest. Mgmt. Corp.*, No. 14-cv-01190-JD, 2014 WL 5106421, at *2 (N.D. Cal. Oct. 10, 2014). All told, default judgment is warranted in light of the *Eitel* factors.

### III. THE RELIEF

Bay Bread asks for $40,345.65 in attorneys' fees and costs that it has incurred in defending itself in state court and suing to enforce its contractual rights in federal court.

"Because this is a diversity case, state law governs both the right to fees and the method of calculating the fees." *Close v. Sotheby's, Inc.*, 909 F.3d 1204, 1208 (9th Cir. 2018) (internal quotations and citation omitted). Bay Bread asserts that it is entitled to attorneys' fees by virtue of its lease purchase and indemnity agreements with Lemonade, which are both governed by California law. *See* Dkt. No. 17-1 ¶ 17.11; Dkt. No. 17-2 ¶ 10. The agreements contain the following language:

> If any action is brought by either party against the other party, relating to or arising out of this Agreement, the transaction described herein or the enforcement thereof, the prevailing party is entitled to recover from the other party reasonable attorneys' fees, costs and expenses incurred in connection with the prosecution or defense of such action.

Dkt. No. 17-1 ¶ 17.12; Dkt. No. 17-2 ¶ 11. Under California law, this provision is enforceable, and so Bay Bread "shall be entitled to reasonable attorney's fees in addition to other costs" as the prevailing party in this action. Cal. Civ. Code § 1717(a); *see also Hjelm v. Prometheus Real Est. Grp., Inc.*, 3 Cal. App. 5th 1155, 1170 (2016).

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). "The court may then adjust the lodestar, based on various factors, to fix the fee at the fair market value for the legal services provided." *Sonoma Land Tr. v. Thompson*, 63 Cal. App. 5th 978, 983 (2021).

Bay Bread submits that the hourly rates for attorneys Robert Guite, Suzanne Stafford, and Khirin Bunker are similar to "the rates charged by comparable attorneys at other law firms," Dkt. No. 18 ¶ 13, which appears to be true. The records submitted by Bay Bread show that its counsel spent 77.9 hours on the litigation -- this case and the state-court litigation -- through the end of August 2022. For the most part, these hours have been adequately documented and detailed to the Court by timekeeper, category of work, and number of hours.

Even so, a modest reduction of the sought-after award is warranted. Bay Bread seeks $281.00 for "unbilled, closed work-in-progress fees" in September 2022, Dkt. No. 18 ¶ 14, but offers no explanation about the work that was performed. It also seeks to recover $562.82 in costs for an initial, unsuccessful attempt to serve Lemonade's registered agent for service of process. *See* Dkt. No. 20-1 at ECF p. 11; Dkt. No. 18 ¶ 15; *see also* Dkt. Nos. 5, 11. Deducting these amounts from Bay Bread's request, for time and costs that were not reasonably expended, results in an overall award of $39,501.83.

## CONCLUSION

Bay Bread's motion for default judgment is granted in part. It is awarded $39,501.83 in attorneys' fees and costs. Bay Bread will promptly serve Lemonade with this order and file a proof of service on the docket.

**IT IS SO ORDERED.**

Dated: February 7, 2023

JAMES DONATO
United States District Judge